## THOMSON-HOUSTON ELECTRIC CO. v. H. W. JOHNS MFG. CO.

### (Circuit Court, S. D. New York.   November 28, 1900.)

### No. 7,400.

PATENTS—SUIT FOR INFRINGEMENT—CROSS-EXAMINATION OF EXPERT WITNESS.
Where the direct examination of an expert witness introduced by a complaint in a suit for infringement in making his prima facie proofs is confined to its proper limits, covering only a description of the patent, an explanation of the obscurities it may present to a mind not skilled in the art, and a definition of its technical terms, supplemented by a presentation of the infringing device, and an explanation of whatever features of it are covered by the claims, the defendant cannot, in cross-examination, open up the state of the art relied upon in defense; but when the witness, in his direct testimony, has referred to the state of the art it is the defendant's right to cross-examine upon the whole subject.

In Equity.   On motion to compel witness to answer.

The certificate of the examiner, setting out the facts, is as follows:

I, Ermina E. Walker, notary public, acting as special examiner by consent, do hereby certify: That on the 26th day of November, 1900. I was attended by the witness Edwin W. Hammer, then under cross-examination, and by Theodore T. Dorman, as counsel for respondents, and Thomas J. Johnston, counsel for complainant, and that in the course of the said examination the proceedings herein appended took place. The witness was asked xQ. 300, as follows: "I show you a patent, and I will ask you to examine the same with especial reference to any supports for a trolley runway which you may find therein, and will ask you to describe the same briefly. I refer you especially to Figs. 2 and 3 of this patent, and lines 65 to 68 of the specification thereof." That thereupon said question was objected to by complainant's counsel in the language following: "Question is objected to as not cross-examination, as irrelevant and immaterial, and as attempting to prove some part of respondent's case at complainant's expense; as also referring to matters not in evidence, and not tending to prove the issues; and the witness is advised that he may refuse to answer the question if he so elects." That thereupon the witness replied as follows: "Under the foregoing assurance of complainant's counsel, I decline to answer this question at present." That thereupon the patent to which the cross question refers was produced by defendant's counsel, and the following stipulation was entered of record: "The patent produced by defendant's counsel is marked 'Defendant's Exhibit, Stentz Patent,' for identification. It is stipulated that a printed patent-office copy of the patent may be used with the same force and effect as a certified copy thereof, subject to correction." That thereupon defendant's counsel propounded xQ. 301, as follows: "Does the patent referred to show a rail, upon which a trolley runs, supported upon a hanger, which in turn depends from a stationary support, by an attachment which permits oscillation of the hanger in an arc transverse to the track or rail?" To which the complainant's counsel interposed the same objection, and the witness answered as follows: "Under advice of counsel, I decline to answer this question." That thereupon defendant's counsel placed upon record the following: "Defendant's counsel notes a motion, based on the refusal of the witness to answer, and the advice of complainant's counsel that he may refuse to answer, to strike out the entire deposition." To which complainant's counsel rejoined: "Complainant's counsel will welcome such a motion, and would be glad to submit it to the court." And I do further certify that on the following day, to wit, November 27, 1900, before proceeding with the deposition of the witness, defendant's counsel caused a notice to be placed upon the record as follows: "Defendant's counsel gives notice of a motion, based on the refusal of the witness to answer questions 300 and 301, put at the last session,—this refusal having been consequent upon advice of complainant's counsel to the effect that the witness might refuse to answer,—to compel the witness, by order of the court, to answer these ques-

tions, and requests the examiner to certify these questions, the patent in question, and the objections and proceedings appertaining thereto, to the court for consideration in connection with the motion." And I do further certify that the annexed paper is the printed patent-office copy produced by respondent's counsel, and then marked "Defendant's Exhibit, Stentz Patent."

Thomas J. Johnston, for complainant.
Wetmore & Jenner, for defendant.

LACOMBE, Circuit Judge. The witness is complainant's expert, who is being cross-examined on the prima facie; and the question relates to one of many patents set up in the answer, either as anticipations, or as showing a state of the art which calls for a narrow construction of the patents sued upon, or possibly for a decision adverse to complainant on the question of invention. Objection is taken that this is not proper cross-examination, since the prior patent was not referred to on the direct. Where the direct examination of an expert on prima facie is confined to its proper limits, viz. a description of the patent, explaining whatever obscurities it may present to the mind not skilled in the art, and defining its technical terms, supplemented by a presentation of the infringing device and an explanation of whatever features of it are covered by the claims, then it is not logical or proper to open up the state of the art relied upon in defense through cross-examination of complainant's witness. It is defendant's expert who should introduce that branch of the case. In this case, however, complainant's expert has not so confined himself. He has referred to the state of the art, briefly, it is true, but nevertheless sufficiently, in order to magnify the meritoriousness of the invention; and therefore defendants are within their rights in insisting upon a cross-examination covering the whole state of the art. If the direct examination is to stand as it is, the objections to cross questions 300 and 301 are overruled. If complainant, however, is willing to pay the stenographer's fees for taking so much of the cross-examination as deals with the prior art,—a cross-examination induced by the witness' direct testimony,—he may strike out all the direct testimony of his expert, except such as qualifies him, down to and including the long quotation from Judge Townsend's opinion on page 10, and all of the cross which deals with the prior state of the art, and the objections will then be sustained.