### ÆOLIAN CO. v. SIMPSON–CRAWFORD CO.

(Circuit Court, S. D. New York. November 2, 1907.)

EVIDENCE—EXPERT WITNESSES—CROSS-EXAMINATION.

In a suit for infringement of a patent, where complainant confined its direct testimony to the making of a prima facie case, the defendant is not entitled to go into matters of defense on cross-examination of complainant's experts.

In Equity. On motion to compel witness to answer questions.

George D. Graves, for the motion.

J. Edgar Bull, opposed.

WARD, Circuit Judge. The purpose of the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, was to bring before the court on appeal all the testimony offered, so that the case might be finally disposed of there without the necessity of sending it back for testimony improperly excluded below. When the objection is to relevancy and materiality, the testimony excluded will never get into the record if the ruling is adhered to. But in this case the objection is that the defendant is injecting his defense into the plaintiff's prima facie case. At the proper stage in the action all testimony in support of the defenses will be admitted. The answers which I understand the defendant insists upon are to cross-questions 16, 17, 20, 63, 78, 81, and 94, addressed to the complainant's expert. They all appear to me to involve the question of the novelty of the alleged invention. The complainant strictly confined his examination to his prima facie case, asking the expert no question which would open the door to a cross-examination as to the novelty of the claims of the patent in suit. It is true that the expert, while complainant's counsel was out of the room, answered cross-questions 11 to 16, which are on the same line as the cross-questions which the complainant's counsel upon returning to the room instructed the expert not to answer.

But, in accordance with the decision of Judge Lacombe in Thomsen-Houston Electric Company v. H. W. Johns Manufacturing Company (C. C.) 105 Fed. 249, the defendant's motion for an order compelling the witness to answer the questions objected to is denied.